UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSUE BENJAMIN MEJIA,

                Plaintiff,

     v.

CHLN, INC., *et al.*,

                Defendants.

Case No. 2:26-cv-05448-FLA (MARx)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

1

## <u>ORDER</u>

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a).  In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

/ / /

2

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold.  The parties are encouraged to submit evidence and/or judicially noticeable facts in response to the court's Order.  Responses shall be limited to ten (10) pages in length.  The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: May 26, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3