JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE BENJAMIN MEJIA,<br>Plaintiff,<br>v.<br>CHLN, INC., *et al.*,<br>Defendants. | Case No. 2:26-cv-05448-FLA (MARx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 12]** |

**RULING**

On March 12, 2026, Plaintiff Josue Benjamin Mejia ("Mejia" or "Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court. Dkt. 3 at 15–43 ("Compl.").[1] Plaintiff asserts twelve claims against Defendant CHLN, Inc. ("Defendant") for: (1) harassment in violation of California's Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940, *et seq*.; (2) disability discrimination in violation of FEHA; (3) failure to accommodate disability in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) age discrimination in violation of FEHA; (6) failure to prevent discrimination in violation of FEHA; (7) retaliation in violation of FEHA; (8) wrongful termination in violation of public policy; (9) failure to provide meal and rest breaks in violation of Cal. Lab. Code § 226.7; (10) failure to pay overtime and wages; (11) failure to pay all compensation at termination; and (12) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*. *Id*. As relevant here, Plaintiff prays for the following: actual, consequential, incidental, punitive, and exemplary damages; restitution; prejudgment and postjudgment interest; attorney's fees; and costs. *Id*. at 42.

On May 20, 2026, Defendant removed the action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. *See generally* Dkt. 1 ("NOR"). On May 26, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 12. The parties filed responses to the OSC on June 9, 2026. Dkt. 13 ("Def. Resp."); Dkt. 14 ("Pl. Resp.").

Having reviewed the Notice of Removal and the parties' responses to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction by

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

a preponderance of the evidence and REMANDS this action to the Los Angeles County Superior Court, Case No. 26TRCV00904.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

Plaintiff maintains Defendant has not proven the amount in controversy is met by a preponderance of the evidence, and, thus, the court lacks subject matter jurisdiction over his claims. *See generally* Pl. Resp. Defendant contends the amount in controversy exceeds the jurisdictional minimum of $75,000, pointing to Plaintiff's requests for actual, consequential, and incidental damages in the form of lost wages and emotional distress damages, punitive damages, and attorney's fees as evidence. NOR at 7–11; Def. Resp. at 5–7. The court will address each category of relief requested in turn.

**A. Lost Wages**

Defendant notes Plaintiff seeks lost wages and presents evidence that "Plaintiff's hourly rate is $17.00[.]" Def. Resp. at 5; *see also* Dkt. 5 ("Jasso Decl.") ¶ 4. Plaintiff correctly points out, however, that Defendant submits no evidence regarding the number of hours Plaintiff worked per day or week. Pl. Resp. at 7. Instead, Defendant simply assumes a 40-hour workweek. NOR at 9; Def. Resp. at 5. Plaintiff, by contrast, alleges he regularly worked approximately 34 hours per week before any adverse employment action. *See* Compl. ¶ 15.

"For the purposes of calculating the amount in controversy on a FEHA claim, back pay is calculated as lost wages between the date of termination up until the date of removal[.]" *Ramos v. Wal-Mart Assocs., Inc.*, Case No. 5:25-cv-01262-MCS (ASx), 2025 WL 2027689, at *2 (C.D. Cal. July 21, 2025). Defendant similarly presents no evidence establishing the date of Plaintiff's termination. NOR at 8–9; Def. Resp. at 5. Instead, Defendant assumes, without evidentiary support, Plaintiff's employment ended on November 30, 2025, the apparent end of Plaintiff's medical leave, and calculates back pay from that date. NOR at 8–9; Def. Resp. at 5. Defendant's calculation yields "approximately $16,320.00 ($17.00 x 40 x 24)" for the

twenty-four weeks between November 30, 2025, and May 29, 2026, a figure significantly below the jurisdictional requirement. NOR at 9; Def. Resp. at 5. However, without justifying the use of a 40-hour work week, the court will consider Plaintiff's alleged 34 hours per week, yielding approximately $13,872.00 ($17.00 x 34 x 24) for the twenty-four week period.

Defendant also argues Plaintiff seeks future lost wages. NOR at 9. Many courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through a speculative trial date in this action.

Defendant bears the burden of proving the amount in controversy by a preponderance of the evidence and must present evidence from which the court can make factual findings to calculate, as accurately as possible, the amount in controversy at the time of removal. Accordingly, the court will only consider Plaintiff's claim for lost wages as of the date of removal, totaling approximately $13,872.00.

**B. Emotional Distress**

Defendant next argues the court should presume some amount of emotional distress damages. NOR at 9–10; Def. Resp. at 5–6. To determine the emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146–47 (E.D. Cal. 2018). Courts are not required to include emotional distress damages in the amount in controversy when the removing party fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3

(C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is … insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Defendant asserts that while Mejia has "not precisely quantified the value of his emotional distress damages," his "potential damages could, conservatively, add at least 75,000 to the amount in controversy." NOR at 9–10; Def. Resp. at 5–6. Defendant cites cases establishing large emotional distress damages awards may be considered in the amount in controversy; however, Defendant neither identifies comparable jury awards nor presents evidence from which the court could reasonably estimate Plaintiff's emotional distress damages. *See* NOR at 9–10; Def. Resp. at 5–6. Defendant, thus, fails to meet its burden to establish any specific amount of emotional distress damages should be included in the amount in controversy. *See Rybalnik*, 2012 WL 4739957, at *3.

**C. Punitive Damages**

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* at 564–65. Accordingly, a removing defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* at 565 (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Defendant argues that "punitive damages alone could exceed the $75,000 jurisdictional minimum." NOR at 11; Def. Resp. at 7. Defendant cites to *Ponce v. Medical Eyeglass Ctr., Inc*, as authority demonstrating the availability of large punitive damage awards; however, Defendant does not explain why any particular

facts pleaded might warrant punitive damages if proven and fails to identify any comparable cases in which a specific amount of punitive damages was awarded based on similar facts as pleaded here. *See* NOR at 11; Def. Resp. at 7. Defendant, thus, fails to carry its burden to show that any particular amount of punitive damages is in controversy in this case. *See Ogden*, 644 F. Supp. 3d at 564.

**D. Attorney's Fees**

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

California Government Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party of a FEHA action reasonable attorney's fees and costs. Defendant estimates under a "conservative rate of $400.00 per hour, and conservatively assuming 200 hours of attorney time[,]" Plaintiff could recover approximately $80,000 in attorney's fees. NOR at 11; Def. Resp. at 7. Defendant, however, submits no evidence, such as attorney's fee awards in factually analogous cases, from which the court can conclude it is more likely than not Plaintiff will recover attorney's fees in the amount Defendant estimates. NOR at 10–11; Def. Resp. at 6–7. The court's authority to exercise its discretion to award Plaintiff attorney's fees if he prevails is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy. Defendant, therefore, fails to demonstrate its estimate of attorney's fees is supported by a preponderance of the evidence, and the court declines to include the estimate in its amount in controversy

calculation.

## CONCLUSION

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum, with only a proposed $13,872.00 of lost wages in contention. *See* 28 U.S.C. § 1332. For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 26TRCV00904.

Defendant's alternative, bare request for jurisdictional discovery is DENIED, as it is "based merely on speculation[.]" *See De Sousa v. Dir. of U.S. Citizenship & Immigr. Servs.*, 755 F. Supp. 3d 1266, 1276 (N.D. Cal. 2024); *see also Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) ("But a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." (quotation marks omitted)).

All dates and deadlines in this court are VACATED. This action shall be closed administratively.

IT IS SO ORDERED.

Dated: August 4, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge